## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ADOL T. OWEN-WILLIAMS, JR.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 09-2293** |
| | * | |
| **DAVID D. PALMER, et al.** | * | |
| | * | |
| Defendants | * | |
| | * | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Adol T. Owen-Williams, Jr. has sued Defendants David D. Palmer, Executive Management Plus ("EMP"), and Mark Schmetz, in seven counts, which pertain to a landlord-tenant dispute that took place in Gaithersburg, Maryland.  Palmer and EMP have filed a Motion to Dismiss, arguing that the Complaint fails to state a cause of action under 42 U.S.C. § 1983 and that the ancillary claims fail because there is no diversity of citizenship.  For the following reasons, Defendants' Motion to Dismiss as to Count One [Paper No. 7] is **GRANTED WITH PREJUDICE**.  Defendants' Motion to Dismiss as to Counts Two through Seven [Paper No. 7] is **GRANTED WITHOUT PREJUDICE**.[1]

## I.

According to the Complaint, on November 4, 2004, Williams, a resident of Gaithersburg, Maryland, entered into a one-year lease with Schmetz, through Schmetz's real estate

---

[1] The Motion to Dismiss does not include Defendant Schmetz, who apparently has yet to be served.  Nevertheless, the Court's reasons for dismissing the movants apply with equal force to Schmetz and for that reason, the suit against him will be dismissed without the need for service upon him.

representative Natalie Adams, who was employed by EMP, a property management company located in Potomac, Maryland.  As part of the lease, Williams agreed to repaint the property in exchange for no increase in the upcoming year's rent.  In November of 2005, Williams, Schmetz, and Adams verbally agreed to extend the lease for one year.  In November of 2006, they agreed to extend the lease for two more years.  In 2008, the parties verbally agreed to extend the lease again until November 2010.  In the Spring of 2009, Adams took leave from EMP due to an unspecified illness and Palmer replaced her.

Palmer allegedly began to make harassing and threatening phone calls to Williams because Palmer knew that Williams was the only black person living in Hillside Lake Terrace and Palmer wanted to cleanse the neighborhood of black people by immediately raising Williams' rent by 20% in order to improve the value of the properties on the street.  Williams alleges that he filed a Temporary Protective Restraining Order against Palmer in the District Court of Maryland for Montgomery Country because Palmer repeatedly threatened to physically harm or kill him.

Williams further alleges that on July 29, 2009, Palmer and EMP, as representatives of Schmetz, presented a fraudulent document to the Montgomery County District Court in their efforts to evict him from his residence.  Williams says that the document presented in court was forged by Palmer and that Defendants falsely stated that it had been written and signed by Schmetz.   On August 28, 2009, as a result of Defendants' purported actions, Williams received a Writ of Possession issued by the Montgomery County District Court in the mail.  On the same day, Williams says he was personally served with a Notice to Vacate Premises by a Montgomery County Sheriff's Deputy.  This suit followed.

Williams claims that Defendants maliciously engaged in wanton fraudulent criminal and civil misconduct that deprived him of rights, privileges, or immunities secured by the Constitution of the United States and its laws in violation of Title 42.  He also asserts claims of intentional infliction of emotional distress, abuse of process, three counts of intentional misrepresentation, and constructive fraud.  Defendants argue that Plaintiff failed to state a cause of action under 42 U.S.C. § 1983 and that the ancillary claims fail for lack of subject matter jurisdiction.

## II.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).  In making its determination, the court must consider all well-pled allegations in a complaint as true and construe all factual allegations in a light most favorable to the plaintiff.  *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001).  The court need not, however, accept conclusory factual allegations devoid of any reference to actual events.  *See E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

To survive a Rule 12(b)(1) motion to dismiss, the plaintiff must prove that subject matter jurisdiction exists. *The Piney Run Preservation Ass'n v. The Co. Com'rs of Carroll Co., Md.*, 523 F.3d 453, 459 (4th Cir. 2008).  In making a determination regarding jurisdiction, the court may consider materials outside the pleadings.  *Id.* at 459 n.6.  "Indeed, the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Mi Ah Kim v. United States*, Civil Action No. WMN-08-2450, 2009 WL 1097956, at *3 (D. Md. Apr. 2,

2009) (internal citations and quotations omitted).

## III.

### A.

The Court agrees with Defendants that the Complaint fails to state a cause of action under 42 U.S.C. § 1983.  In order to state a valid claim under § 1983, the defendant must have deprived the plaintiff of rights, privileges, or immunities guaranteed by the Constitution and laws of the United States "under color of state law."  *See* 42 U.S.C. §1983.  But Williams is suing private parties for allegedly wrongfully evicting him by filing a landlord-tenant proceeding in the Montgomery County District Court.  Defendants argue that "[a] person who uses a state's judicial process, however, is not thereby clothed with a state's authority for purposes of showing state action under 42 U.S.C. § 1983." (Def.'s Mem. Supp. Mot. Dismiss at 1.)

"'Private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it to state action: "Mere approval of or acquiescence in the initiatives of a private party" is insufficient.'"  *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999)); *see also Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009).  Specifically regarding an eviction by a private landlord, the court must find substantial additional state involvement.  *See Joy v. Daniels*, 479 F.2d 1236, 1239 (4th Cir. 1973) (finding state action where private landlord received rent subsidies, mortgage benefits, and utilized state eviction procedures against plaintiff); *see also Deal v. Newport Datsun, Ltd.*, 706 F.2d 141 (4th Cir. 1983) (court affirmed dismissal of action under 42 U.S.C. § 1983, noting the lower court's finding that there was no state action to support an exercise of jurisdiction over the claim and

-4-

declining to discuss whether the filing of an ejection proceeding in state court was under color of state law). Assuming all allegations in the Complaint as true, there is no indication of substantial additional state involvement beyond the eviction proceedings. Consequently, the Court finds that Defendants' actions as alleged were not under the color of state law and that Williams has failed to state a claim under § 1983.

Defendants' Motion to Dismiss as to Count One [Paper No. 7] is **GRANTED WITH PREJUDICE**.[2]

### B.

The Court also agrees with Defendants that it lacks subject matter jurisdiction over Counts Two through Seven of the Complaint. Count Two asserts intentional infliction of emotion distress; Count Three asserts abuse of process; Counts Four, Five, and Six assert intentional misrepresentation; and Count Seven asserts constructive fraud. These are all state law claims and do not involve a federal question as required by 28 U.S.C. § 1331. Additionally, pursuant to 28 U.S.C. § 1332, since there is no diversity among Plaintiff and Defendants, as all are citizens of Maryland, the Court lacks jurisdiction over these claims. Finally, the Court declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

---

[2] This Count is also dismissed as to Defendant Schmetz.

Defendants' Motion to Dismiss as to Counts Two through Seven [Paper No. 7] is

**GRANTED WITHOUT PREJUDICE**.[3]

A separate Order will issue.


_____ **/s/** _____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

February 26, 2010

---

[3] These Counts are also dismissed as to Defendant Schmetz.